UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DOUGLAS WILSON, )<br>(Social Security No. XXX-XX-9025) )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE Commissioner of )<br>the Social Security Administration, )<br>)<br>Defendant. ) | No. 4:11-cv-133-SEB-WGH |

**ENTRY**

Douglas Wilson ("Mr. Wilson") appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying him Disability Insurance Benefits ("DIB") under the Social Security Act ("the Act"). 42 U.S.C. § 301 *et seq*.

For the reasons set forth herein, the Commissioner's decision must be REMANDED for further proceedings.

**I. Background**

**A. Procedural History**

Mr. Wilson, a claimant with a high school education, filed an application for DIB on March 19, 2008. R. at 152, 184. He alleged a disability onset date of May 1, 2006; he was 37 years old on that date. *Id*. at 154. His application was denied initially and upon reconsideration. *Id*. at 99-100. On June 4, 2010, an Administrative Law Judge ("ALJ"), Larry A. Temin, held a video administrative hearing, at which Mr. Wilson and vocational

expert ("VE") Mark Pinti testified. *Id*. at 20. The ALJ issued his decision finding Mr. Wilson not disabled on July 26, 2010. The Appeals Council ("AC") denied his request for review on June 24, 2011 (*id*. at 56), and denied Mr. Wilson's request to consider additional information on July 15, 2011. *Id*. at 31. As a result, the ALJ=s decision became the final decision of the Commissioner, 20 C.F.R. §§ 404.955(a), 404.981, and jurisdiction is proper before this court. 42 U.S.C. § 405(g).

### B.  ALJ Findings

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity "from his alleged onset date of June 1, 2006 through his last insured date of June 30, 2009." R. at 22. At step two, the ALJ found that Mr. Wilson suffered from the following severe impairments: abdominal pain and cyclic vomiting syndrome ("CVS"), traumatic arthropathy of right wrist, post-fracture, history of right carpal tunnel syndrome surgery, history of mild right ulnar nerve lesion, and lumbar and thoracic degenerative changes. *Id*. at 22-23. At step three, the ALJ found Mr. Wilson did not have any impairment, alone or in combination, that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 24.

The ALJ then determined Mr. Wilson=s residual functional capacity ("RFC"), finding that Mr. Wilson was capable of performing light work as defined in 20 C.F.R. '404.1567(a) with several restrictions, none of which is relevant to this appeal. *Id*. at 24-28. In evaluating Mr. Wilson's credibility, the ALJ concluded that "the record does not support the claimant's alleged frequency and severity of abdominal pain, nausea, and vomiting." *Id*. at 27.

2

At step four, the ALJ found that Mr. Wilson could not perform his past relevant work as a drywall finisher or glass machine operator. *Id*. at 28. At step five, the ALJ considered Mr. Wilson's RFC, age, education, past work experience, and the VE's testimony. He determined Mr. Wilson could have performed a significant number of jobs in the national economy. *Id*. at 28-29. Based on these findings, the ALJ concluded Mr. Wilson was not disabled at any time between his alleged onset date and his date last insured.

### C.  Legal Standards

In order to qualify for disability benefits, Wilson must establish that he suffered from a "disability" as defined by the Act. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). To establish disability, the claimant must present medical evidence of an impairment resulting "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. §§ 416.908; 404.1508.

The Social Security regulations outline a five-step inquiry the ALJ is to perform in order to determine whether a claimant is disabled. The ALJ must consider whether the claimant:  (1) is presently employed; (2) has a severe impairment or combination of

impairments; (3) has an impairment that meets or equals an impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) is unable to perform his past relevant work; and (5) is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4). The burden of proof is on Mr. Wilson for steps one through four; only after Mr. Wilson has met his evidentiary burden does the burden shift to the Commissioner at step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

An ALJ's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (internal quotation omitted); *see also Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997). This standard of review recognizes that it is the Commissioner's duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and decide questions of credibility. *Perales*, 402 U.S. at 399-400. The Court may not re-evaluate the facts, weigh the evidence anew, or substitute its judgment for that of the Commissioner. *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, even if reasonable minds could disagree about whether or not an individual was "disabled," the Court must still affirm the ALJ's decision denying benefits. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000).

## II.   Claimant's Medical History

Mr. Wilson is primarily challenging the ALJ's credibility findings as it pertains to his statements about his severe abdominal pain and CVS, so the Court's discussion of his

4

medical history will be limited to this. Mr. Wilson claims he has experienced abdominal pain, nausea, and vomiting since 1991. R. at 75, 188, 251. The earliest hospital records for these symptoms date back to 1995-96, when he was hospitalized seven times in a seven month span with these symptoms. *Id*. at 258-60, 264-67, 270-71, 273-82, 287. Mr. Wilson visited the Cleveland Clinic for treatment in February 1997. *Id*. at 288-90. After this stint of hospitalizations, Mr. Wilson was self-employed for several years. Pl's Brief at 7. However, his symptoms made it difficult for him to work consistently (R. at 71), and he claims he was unable to work at all after April 2006. *Id*. at 20.

Mr. Wilson was not hospitalized again until May 2005, when he was admitted for abdominal pain, nausea, and vomiting. *Id*. at 337. One year later, he was admitted to hospitals on three separate occasions for these symptoms and dehydration from May 13-24, 2006. *Id*. at 529-30. He was subsequently hospitalized in September 2006, *id*. at 438-41, and June 2007. *Id*. at 586-92. During the September visit, he stated he had experienced approximately ten severe abdominal episodes since 2004. *Id*. at 522. After an appendectomy and gall bladder removal failed to control his nausea, Mr. Wilson was diagnosed with CVS. *Id*. at 22, 252, 701. In his disability record from 2008, he stated that his CVS episodes leave him completely incapacitated. *Id*. at 216. He was hospitalized most recently in November 2009. *Id*. at 800.

At his hearing, Mr. Wilson testified he was still having severe abdominal pain, vomiting, and nausea on a regular basis, with five episodes in the last week alone. *Id*. at 25, 75. He stated that the episodes last between two hours and two weeks. *Id*. at 75.

### III. Analysis

Mr. Wilson raises one main issue on appeal: that "[t]he ALJ's reasons for finding Mr. Wilson's testimony about the intensity, persistence, and limiting effects of his CVS symptoms not fully credible are illogical and internally inconsistent." Pl's Br. at 12. He claims the ALJ's illogical credibility determination meant the RFC determination was flawed, making the VE's testimony regarding available jobs at step five unreliable. The ALJ's decision was therefore not supported by substantial evidence, he argues, and the ALJ's decision denying benefits should be reversed and remanded.

Determining a claimant's credibility is an important component of the RFC formulation, and the ALJ is in a unique position to assess the claimant's veracity and forthrightness. *Nelson v. Apfel*, 131 F.3d 1228, 1237 (7th Cir. 1997). While the ALJ's findings on claimant credibility are generally to be given special deference, a court can conclude, upon review of the reasons for the ALJ discounting or discarding the claimant's testimony, that the ALJ's credibility finding is patently wrong. *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010).

Determining the claimant's credibility component of the RFC at step three is a two-step process. First, the ALJ must determine whether the medically determinable impairments could be reasonably expected to cause symptoms. If so, the ALJ must then evaluate the intensity and persistence of the symptoms to determine the extent to which, if at all, they impede a claimant's functioning. If the statements are not corroborated by the evidence in the record, the ALJ must make a credibility determination. 20 C.F.R. § 404.1529(a).

The ALJ determined that Mr. Wilson's impairments could be reasonably expected to cause his symptoms. R. at 26. However, the ALJ stated that he did not find Mr. Wilson's statements about the intensity, persistence, and limiting effects of his symptoms credible. *Id.* at 26-27. Specifically, he did not find credible Mr. Wilson's claims about the frequency and severity of his CVS, since he had (by the ALJ's count) only three in-patient hospitalizations, one emergency room visit, and no extensive notes from his primary care physician during the period between the alleged onset date and his date of last insured. *Id.* at 27. The ALJ concluded that Mr. Wilson's "statements are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Id.* at 26.

Mr. Wilson claims this statement is "meaningless boilerplate." Pl's Br. at 14 (quoting *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010)). The ALJ's "factual finding" has been criticized by the Seventh Circuit for reversing the analytical process by predetermining a claimant's RFC and evaluating his credibility against the RFC, rather than assessing his veracity and incorporating his appropriately weighed statements into the RFC determination. *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012). This finding deprives a reviewing district court of meaningful judicial review. *Id.* The Commissioner rejoins that the ALJ provided reasons for rejecting Mr. Wilson's statements, and that boilerplate language in the decision is not fatal so long as the ALJ's reasoning is explained. Def's Br. at 7 (citing *Richison v. Astrue*, 462 Fed. App'x 622, 625-26 (7th Cir. 2012)).

7

The Court need not determine whether the ALJ adequately explained his reasoning, since by citing only four medical records (R. at 27, 351-455, 697-729, 799-814), it is clear the ALJ relied on an incomplete record in evaluating Mr. Wilson's statements as to the frequency and severity of his symptoms.  The Commissioner is correct that the ALJ's discussion and findings cover the time between the alleged onset date and the date of last insured.  Def's Br. at 8.  However, ALJs are allowed to consider evidence outside of the "onset date-last insured" window, *Wilder v. Apfel*, 153 F.3d 799, 801-02 (7th Cir. 1998), and ALJs need not discount the value of certain treatment history simply because it happened before the alleged onset date or after the last insured date.

The court agrees with Mr. Wilson's position that the ALJ's analysis based on the time period between the alleged onset date and date of last insured contained several factual errors.  First, Mr. Wilson had actually been hospitalized five times between the alleged onset date and the date of last insured, and once in November 2009.  R. at 351, 438-41, 529-30, 586, 799-814.  Also, there is evidence that Dr. Thomas Imperiale, a gastroenterologist, had diagnosed him with CVS.  *Id*. at 592.  Mr. Wilson claimed this diagnosis happened in September 2006, *id*. at 252, and his September 2006 treatment records from Margaret Mary Community Hospital suggest he was examined by Dr. Imperiale at that time.  *Id*. at 458.  This diagnosis was confirmed by Mr. Wilson's treating physician in June 2007.  *Id*. at 586.  However, Mr. Wilson's treatment history with Dr. Imperiale for some reason is not in the record, and the ALJ merely asked Mr. Wilson's attorney if he objected to the exhibits, not whether the record was complete.  *Id*. at 64.  This is a particular concern given that the ALJ noted based on Mr. Wilson's

8

testimony that he had not seen a specialist since 1994, *id.* at 27, which was a reason for discounting Mr. Wilson's statements about the frequency and severity of his symptoms. Given the several instances in the record suggesting Mr. Wilson had seen a specialist— one who diagnosed him with CVS—more recently than his testimony indicated, the Court concludes that the ALJ failed to fully and fairly develop the record. *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009). On remand, the ALJ should include in Dr. Imperiale's opinion in the record and evaluate his opinion as part of Mr. Wilson's credibility assessment.

By concluding that that the frequency and severity of symptoms were not great, based on Mr. Wilson's infrequent access to medical treatment, *id.* at 27, the ALJ violated Social Security Ruling (SSR) 96-7p. SSR 96-7p, which forbids an ALJ from drawing such an inference without examining the medical record or the claimant's statements regarding why he or she did not seek treatment. 1996 WL 374186, at *7-8. Mr. Wilson had reported abdominal pain, nausea, and vomiting for almost 20 years (R. at 75, 188, 251) and the records regarding hospitalizations dated back to late 1995. R. at 264-65. Mr. Wilson testified that these episodes were much more frequent than the three hospitalizations between the alleged onset date and date of last insured. R. at 75. The ALJ failed to discuss this evidence in his credibility analysis to determine whether and to what extent the evidence did or did not lend credence to Mr. Wilson's statements about the frequency and severity of symptoms.

Moreover, the ALJ did not state which of Mr. Wilson's statements about his CVS were and were not credible. Without this information or any indication that the ALJ

9

considered evidence in the record that may have supported Mr. Wilson's statements, the ALJ failed to build a logical bridge between the evidence and his conclusion. We therefore conclude that the ALJ's credibility finding was unreasonable and unsupported. *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008). If all or some of Mr. Wilson's statements were found to be credible in light of the whole record, the frequency and severity of his CVS may inhibit his ability to perform even sedentary work. Because the RFC assessment does not address Mr. Wilson's CVS in this light, Mr. Wilson has not been afforded meaningful judicial review. *Rybolt v. Astrue*, 2011 WL 4349404 at *4 (S.D. Ind. Sept. 15, 2011) (citing *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002)).

The Court further views the ALJ's errors to have been not harmless. In *Allord v. Barnhart*, the Seventh Circuit rejected the Commissioner's claim that even though the ALJ was mistaken, the error was harmless because the ALJ could have discredited the claimant's testimony on other grounds. 455 F.3d 818, 821 (7th Cir. 2006). Instead, it held that "[w]hether he would have made the same determination had he not erred . . . is speculative." *Id*. Similarly, when this court is unable to build a logical bridge from the evidence to the ALJ's conclusion, and the ALJ apparently failed to consider sufficient evidence in making his credibility determination, we will not speculate by holding that the ALJ could have found Mr. Wilson not credible on other grounds.

Finally, the VE responded to a hypothetical that may have failed to "fully set forth the claimant=s impairments to the extent that they are supported by the medical evidence in the record." *Herron v. Shalala*, 19 F.3d 329, 337 (7th Cir. 1994). Because remand

10

may produce a different RFC assessment, the ALJ must incorporate any different findings into hypotheticals order for the ALJ to rely on the VE's testimony at Step Five.

## IV.   Conclusion

For the reasons set forth above, the ALJ's decision is not supported by substantial evidence. The Court, therefore, is required to **remand** the case to the ALJ for further consideration of Mr. Wilson's credibility.  Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  02/07/2013

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana


Distribution:

Timothy J. Vrana
tim@timvrana.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov